IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MILTON J. GOINS and CURTIS BAKER, as next of kin to decedent, Samuel Lee Baker,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF QUITMAN, GEORGIA; WESLEY ROSS, in his official and individual capacity as Chief of Police for the City of Quitman, Georgia; IVAN DAVIS, individually and in his official capacity; ROCKY DAVIS, individually and in his official capacity and as employee of RITE-AID CORPORATION; and RITE-AID,<br><br>    Defendants. | Civil Action No.<br>No. 7:11-cv-117 (HL) |

## ORDER

Currently pending before the Court are Defendant Rocky Davis' Motion to Dismiss Claims against him in his Official Capacity (Doc. 3-1) and Defendants City of Quitman, Wesley Ross, and Ivan Davis' Motion to Dismiss (Doc. 5-1). For the reasons stated below, the Motions are deemed moot and the case is remanded to Superior Court of Brooks County for all further proceedings.

This case arises out of the death of Mr. Samuel Lee Baker, which occurred on October 1, 2007. The exact circumstances leading up to Mr. Baker's death are disputed. The parties agree that there was some altercation between Mr. Baker, Defendant Officer Rocky Davis, and Defendant Officer Ivan Davis. During

the altercation, Defendants shot Mr. Baker with a taser gun, and shortly thereafter, Mr. Baker died.

In response to Mr. Baker's death, Plaintiff Milton Goins, Mr. Baker's son, and Plaintiff Curtis Baker, Mr. Baker's brother, filed suit in the Superior Court of Dougherty County on October 1, 2009, asserting that the officers' actions constituted violations of numerous constitutional rights on both a federal and state level. Plaintiffs' specific claims included use of excessive force in violation of 42 U.S.C. § 1983 and state law; negligent hiring, training, and retention in violation of U.S.C. § 1983; race hatred in violation of 42 U.S.C. § 1983; perpetration of conspiracy under 42 U.S.C. § 1986; assault and battery in violation of state law; illegal and malicious arrest in violation of 42 U.S.C. § 1983 and state law; and wrongful death in violation of 42 U.S.C. § 1983.

On November 10, 2009, Defendants properly removed the case to federal court under 28 U.S.C. § 1441(a) on the basis of federal question jurisdiction. On December 7, 2009, Defendants Wesley Ross, Ivan Davis, and the City of Quitman moved to dismiss the complaint. Plaintiffs then moved to amend the complaint to drop the federal claims on January 14, 2010. This Court granted Plaintiffs' motion and dismissed all federal claims on June 30, 2010, remanding the case to the Superior Court of Dougherty County for resolution of the remaining state law claims. On February 3, 2011, Plaintiffs voluntarily dismissed the state case against Defendants.

Six months later, on August 3, 2011, Plaintiffs refiled their suit, identical to the original action, in the Superior Court of Brooks County. Plaintiffs filed this second action under the authority of Georgia's renewal statute, O.C.G.A. § 9-2-61. The renewal statute provides that

> [w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) or Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

O.C.G.A. § 9-2-61(a). In essence, the renewal statute grants plaintiffs a grace period of six months in which to refile a lawsuit that would otherwise be barred by the statute of limitations. Under the statute, if a plaintiff files a valid action within the statute of limitations and that action is dismissed, the plaintiff can refile the same action within six months and it will not be time-barred. Scott v. Muscogee Co., Georgia, 949 F.2d 1122, 1123 (11th Cir. 1992). A case that is dismissed either voluntarily or involuntarily can be refiled under the safe haven of the renewal statute, so long as the case has not been adjudicated on the merits. Kimball v. KGB Transport, 241 Ga. App. 511, 527 S.E.2d 233, 234 (1999).

In this case, Defendants object to the application of the renewal statute to the federal claims. The federal claims were voluntarily dismissed by Plaintiffs on June 30, 2010. Defendants argue that Plaintiffs had until December 30, 2010, six

months after the federal claims were dismissed, to refile their suit including the federal claims. Plaintiffs' second complaint was filed on August 3, 2011, and therefore, Defendants argue that the federal claims fall outside of the statute of limitations and the Georgia renewal statute, and as a result, should be barred.

In response, Plaintiffs argue that the six-month window should be calculated from the time of the dismissal of the *case*, as opposed to the time of the dismissal of certain *claims*. Under Plaintiffs' line of thinking, the case was dismissed from superior court on February 3, 2011, and therefore, Plaintiffs had until August 3, 2011 to refile their case, which originally included both federal and state claims. In support, Plaintiffs quote the language of the statute which uses the word "case," arguing that this means that the six-month renewal period should be calculated based on the date of the dismissal of the entire case, not individual claims. *See* O.C.G.A. § 9-2-61(a).

This case appears to be one of first impression.[1] The Court has been unable to find a case that speaks directly to the issue of which date should be

---

[1] The most relevant case on the issue of the appropriate date in a renewal action is the Georgia Court of Appeals case Owens v. Hewell, 222 Ga. App. 563, 474 S.E.2d 740 (Ga. App. 1996). In that case, the original action was filed in federal court and was appealed to the Eleventh Circuit. The plaintiffs lost in the Eleventh Circuit in January 1994 and filed a petition for certiorari to the Supreme Court of the United States, which was denied in October 1994. Approximately a month after the denial of certiorari, the plaintiffs attempted to refile the case in superior court. The question for the superior court was whether the six-month renewal period under O.C.G.A. § 9-2-61 ran from the date of the Eleventh Circuit Court of Appeals' decision, or the date of the U.S. Supreme Court's denial of a subsequent petition for certiorari. Id. at 564, 474 S.E.2d at 741.

controlling in a renewal action when federal and state claims have been dismissed at different times. Despite the lack of clear precedent, the Court finds that the answer to the issue presented here is clear: Plaintiffs should not be allowed to refile federal claims that were dismissed well over a year ago.

Georgia courts have recognized that "[t]he renewal statute is remedial in nature; it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting the merits." Chance v. Planters Rural Tele. Cooperative, Inc., 219 Ga. 1, 131 S.E.2d 541, 544 (Ga. 1963). While acknowledging the remedial nature of the statute, the Court does not interpret O.C.G.A. § 9-2-61(a) to allow federal claims that were dismissed over thirteen months prior to be miraculously revived through the renewal of state law claims dismissed six months earlier.

Once Plaintiffs began voluntarily dismissing claims, the renewal clock began to tick, and Plaintiffs had six months in which they could refile those claims. Thus, Defendants are correct in their contention that Plaintiffs had until December 30, 2010 to refile any federal claims along with their state claims. To

---

The Owens Court, relying on an Eighth Circuit decision, Glick v. Ballentine Produce, Inc., 397 F.2d 590 (8th Cir. 1968), held that "[t]he Owenses' unsuccessful pursuit of a discretionary appeal to the United States Supreme Court did not extend their right to renew their action under O.C.G.A. § 9-2-61, absent a stay, and the six-month renewal period thus ran from the date of the Eleventh Circuit Court of Appeals' affirmance of the trial court's dismissal of their action." Id., 474 S.E.2d at 742. Owens demonstrates the reluctance of Georgia courts to allow the renewal period to be extended without limitation.

allow the Plaintiffs a boundless amount of time to refile their federal claims would be setting a dangerous precedent.

For the foregoing reasons, all of Plaintiffs' federal claims are deemed time-barred by the statute of limitations. Therefore, without any remaining federal claims, this case is remanded to the Superior Court of Brooks County for the adjudication of all remaining state law claims.

**SO ORDERED**, this 9th day of January, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr